

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-24-00378-CR

**TERRY WAYNE CANNON, APPELLANT**

**V.**

**THE STATE OF TEXAS, APPELLEE**

On Appeal from the 372nd District Court
Tarrant County, Texas[1]
Trial Court No. 1761106, Honorable Lee Gabriel, Presiding

July 2, 2025

MEMORANDUM OPINION

Before QUINN, C.J., and DOSS and YARBROUGH, JJ.

Appellant, Terry Wayne Cannon, was indicted for evading arrest or detention with a vehicle, with a deadly weapon allegation.[2] The indictment also alleged he is a habitual offender based on two prior felony convictions.[3] After trial, a jury convicted him and

---

[1] This cause was originally filed in the Second Court of Appeals and was transferred to this Court by a docket-equalization order of the Supreme Court of Texas. *See* TEX. GOV'T CODE ANN. § 73.001. In the event of any conflict, we apply the transferor court's case law. TEX. R. APP. P. 41.3.

[2] *See* TEX. PENAL CODE ANN. § 38.04(b)(2)(A).

[3] *See* TEX. PENAL CODE ANN. § 12.42(d).

sentenced him to 45 years of incarceration. On appeal, his counsel seeks to withdraw, supported by an *Anders* brief.[4] We grant counsel's motion and affirm the judgment.

The evidence shows that in the afternoon on December 26, 2022, Fort Worth police conducted surveillance to execute a felony warrant for Appellant. Detective Juan Trujillo, working undercover with the narcotics unit, identified Appellant as the driver of a silver Chevrolet Malibu and notified marked patrol units. Officer Tyler Hunt, in a marked police vehicle, attempted to initiate a traffic stop by activating his emergency lights.[5]

After initially slowing down, Appellant fled, driving at high speed through residential areas, through red lights, and into highway traffic, reaching speeds up to 94 miles per hour. The pursuit covered approximately four miles before Appellant crashed into another vehicle driven by Rachel Ramon.[6] Ramon suffered serious injuries, including a broken nose, lacerations requiring stitches, and permanent scarring.

Appellant's counsel has certified that he conducted a conscientious examination of the record and found no reversible error upon which an appeal can be predicated. *Anders*, 386 U.S. at 744; *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008). The record indicates counsel provided Appellant with copies of his motion to withdraw, his *Anders* brief, and the record. *See Kelly v. State*, 436 S.W.3d 313, 319–20 (Tex. Crim. App. 2014) (specifying counsel's obligations on the filing of a motion to withdraw

---

[4] *See Anders v. California*, 386 U.S. 738, 744, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967).

[5] After Appellant fled, Officer Hunt activated his vehicle's emergency siren as well.

[6] Following the crash, officers found approximately 115 grams of cocaine in the driver's seat area of Appellant's vehicle and $904 in cash on his person.

supported by an *Anders* brief).  This Court advised Appellant by letter of the right to file a pro se response to counsel's *Anders* brief.  Appellant has not filed a response.

We have carefully reviewed counsel's *Anders* brief and conducted an independent review of the record to determine whether any nonfrivolous issues support an appeal. *See Penson v. Ohio,* 488 U.S. 75, 80, 109 S. Ct. 346, 102 L. Ed. 2d 300 (1988); *In re Schulman*, 252 S.W.3d at 409; *Gainous v. State*, 436 S.W.2d 137, 138 (Tex. Crim. App. 1969).  We conclude there are no grounds for appellate review that would result in reversal of Appellant's conviction or sentence.

#### CONCLUSION

We grant counsel's motion to withdraw and affirm the trial court's judgment.[7]


Lawrence M. Doss
Justice

Do not publish.

---

[7] Counsel shall, within five days after this opinion is handed down, send Appellant a copy of the opinion and judgment, along with notification of Appellant's right to file a pro se petition for discretionary review.  *See* TEX. R. APP. P. 48.4.  This duty is an informational one, not a representational one.  It is ministerial in nature, does not involve legal advice, and exists after this Court grants counsel's motion to withdraw*.  In re Schulman*, 252 S.W.3d at 411 n. 33.